IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTHONY MARK ECHOLS,<br><br>      Petitioner<br><br>  VS.<br><br>DONALD BARROW, Warden,<br><br>      Respondent | NO. 3:06-CV-3 (CAR)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

  Petitioner ANTHONY MARK ECHOLS has filed a petition herein seeking federal habeas corpus relief. Tab #1. Respondent DONALD BARROW, Warden of Wilcox State Prison, has filed a motion to dismiss this petition contending both that the petition is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) and that the petitioner has not exhausted his state remedies. Tab #9. Petitioner ECHOLS filed his response to the respondent's motion. Tab #14.

  AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

  *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

  *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

  *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

  *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Respondent avers that petitioner's conviction became final before the enactment of AEDPA, and that under *Goodman v. United States*, 151 F.3d 1335 (11th Cir.1998) and *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998), petitioner had one year from April 24, 1996 in which to file his petition.  The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive.  Petitioner Echols in 1991 pled guilty to the sentence he is currently challenging.  Echols was therefore subject to the one year grace period in which to file for federal habeas corpus relief which ended on April 23, 1997.  The petitioner filed the instant petition on January 9, **2006**, well after the grace period expired.  Echols argues that the time limitation does not apply to him because his conviction and sentence is void but provides no valid legal citation to support his claim.  The undersigned therefore finds that petitioner Echols exceeded the one-year period of limitations and that his federal petition is untimely filed.

Accordingly, IT IS RECOMMENDED that respondent Barrow's motion to dismiss (Tab #9) be GRANTED.[1]  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 24th day of OCTOBER, 2006.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE

---

[1] Because the petition is untimely filed, it is unnecessary to consider respondent's argument for dismissal on exhaustion grounds.